[No. 5696.]

## WINCHELL v. POWELL ET AL.

**1.  Partnership—Contracts—Liability.**

The liability of a partnership, as such, for contracts made by a member of the firm, depends upon the principle of agency; hence, any contract by a partner within the scope of the agency conferred upon him is binding upon the firm of which he is a member and for which he assumes to act.—P. 267.

**2.  Same—Advancement to Member of Firm—Liability of Firm.**

Where one advances money to a member of a firm engaged in the business of giving osteopathic treatments, on the agreement that he shall be repaid in such treatments for himself and

family, the firm is bound by such agreement, although the member obtains and uses the money for expenses in which his partner is not interested.—P. 267.

3.  Partnership—Contracts—Breach.

A firm, by refusing to recognize an agreement of one of the partners that a person advancing money to him should be repaid by professional services of the firm, in effect refuses to perform such services, so that such person is entitled to recover.—P. 267.

*Appeal from the District Court of Rio Grande County.*

*Hon. Chas. C. Holbrook, Judge.*

Action by Richard B. Powell and Anna H. Powell against Howard H. Winchell. From a judgment for plaintiffs, defendant appeals.

*Reversed and remanded.*

Mr. JAS. P. VEERKAMP, for appellant.

Mr. JESSE STEPHENSON, for appellees.

Appellees, as plaintiffs below, brought suit against appellant, as defendant, to recover for the value of osteopathic treatments. In their complaint they allege that they are carrying on the business, and practicing the art and science, of osteopathy under the firm name of Powell & Powell, and at divers times between the 1st day of January, 1903, and the third day of December, 1904, they rendered services by way of giving osteopathic treatments to defendant and members of his family, of the value of $115.53. The defendant answered, and admitted that plaintiffs were partners, and that they rendered the services alleged. As a further answer and by way of counter-claim, he alleged that between the 1st day of February, 1903, and the 1st day of June following, he loaned the plaintiffs money to the amount of $223.00, no part of which has been paid. He prayed

judgment against the plaintiffs for the difference between their account against him and the sum he had loaned them. The plaintiffs denied that any money had been loaned them by the defendant.

It appears from the testimony that in February, 1903, defendant entered into an arrangement with R. B. Powell, a member of the firm of Powell & Powell, whereby R. B. Powell was to accompany the defendant to Pennsylvania for the purpose of assisting him in disposing of mining stock. The defendant claims that Mrs. Powell, the other member of the firm, and the wife of R. B. Powell, was interested in this venture, and was to share in the profits which her husband might realize in disposing of the mining stock. While in Pennsylvania, according to the testimony of the defendant, Mr. Powell received from him the sum of $223.00, advanced at various times, to pay his expenses, and by way of loans, with the understanding that such advances would be repaid by giving treatments to his family and himself. That such was the understanding between the defendant and Mr. Powell is not denied by the plaintiffs. The only dispute with respect to the advances by defendant to Mr. Powell is, that it was $183.00 instead of $223.00.

There is testimony on behalf of plaintiffs by which it was sought to establish the fact that Mrs. Powell was not interested in the sale of the mining stock which her husband went east to assist the defendant in making, in such way, or under such arrangements, as would make her responsible for the money which the defendant advanced her husband. The case was submitted to a jury upon the theory that the individual debt of Mr. Powell could not be offset against the indebtedness of defendant to the firm. A verdict was rendered for the plaintiffs for the amount of their claim as admitted by the defend-

ant, and judgment rendered accordingly. The defendant appeals.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The interest of Mrs. Powell in the contract under which her husband went east to sell mining stock of defendant is not material. The only question which should have been submitted to the jury was the amount of defendant's set-off, for the reason that the testimony established beyond dispute that this set-off was a liability of plaintiffs, as partners, to him. The liability of partners, as such, for contracts made by a member of a firm, depends upon the principles of agency; hence, any contract by a partner within the scope of the agency conferred upon him is binding upon the firm of which he is a member and for which he assumes to act.—22 Cyc. 135-6. The plaintiffs were partners in carrying on the business of giving osteopathic treatments. The defendant advanced money to R. B. Powell, a member of the firm, with the understanding and agreement that it was to be repaid by treatments of himself and family. In such circumstances it was the intent of the parties that the services for which the money was advanced should be rendered by the firm, and the money was, therefore, advanced to the firm to pay for services which, as partners, the members thereof were engaged in rendering. In short, defendant, through his arrangement with R. B. Powell, paid the firm in advance for professional services. In making such an arrangement R. B. Powell was acting within the scope of his authority as the agent of the firm, and the partnership is bound thereby. By refusing to recognize the arrangement entered into between R. B. Powell and defendant, plaintiffs have, in effect, refused to render the professional services which

they agreed to render for the advances made by defendant. The defendant, therefore, is entitled to recover from them the difference between the amount he advanced and the plaintiffs' account.

The judgment of the district court is reversed, and the cause remanded with directions to try the issue of the amount of defendant's set-off, as pleaded by him, and render judgment in his favor against the plaintiffs for the difference between the amount of their account and his set-off, as established.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.